IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RICHARD A. YANAGI, *Chapter 7 Trustee of the Bankruptcy Estate of Tracie Iwalani Kahikina*,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Defendants. | Case No. 21-cv-00208-DKW-RT<br><br>Bankr. No. 12-00018<br>Adv. No. 20-90028<br><br>**ORDER ADOPTING RECOMMENDATION TO WITHDRAW REFERENCE**[1] |

On May 11, 2021, Defendant Bank of America, N.A. ("BoA") filed a self-styled objection to "the Bankruptcy Court's recommendation to deny [BoA's] motion to strike jury demand." Dkt. No. 3 at 1-2. That, however, mischaracterizes the record. The Bankruptcy Court made no such "recommendation." Instead, the Bankruptcy Court issued an *order* denying BoA's motion to strike jury demand, which means that BoA's objection is an *appeal* of an order of the Bankruptcy Court. BoA, however, has never sought leave to file what would be an interlocutory appeal and, now, the time to do so has expired. As a result, as more fully set forth below, BoA's objection, Dkt. No. 3, is

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

OVERRULED, and the subsequent recommendation of the Bankruptcy Court to withdraw the reference is ADOPTED.

## RELEVANT LEGAL STANDARDS

When objections to a recommendation of a bankruptcy court have been timely filed, a district court must conduct a de novo review of the record to which specific objection has been made. Fed.R.Bankr.P. 9033(d).

Pursuant to Federal Rules of Bankruptcy Procedure 8002 and 8004, a party has 14 days to file an appeal of an interlocutory order of a bankruptcy court. Fed.R.Bankr.P. 8002(a)(1); Fed.R.Bankr.P. 8004(a)(1).

## DISCUSSION

On April 26, 2021, the Bankruptcy Court entered an *order* denying BoA's motion to strike jury demand. Dkt. No. 1-1 at 4-18.[2] A day later, on April 27, the Bankruptcy Court entered a *recommendation* to withdraw the reference in order to facilitate the scheduling of a jury trial before this Court. *Id*. at 1-3. The former is potentially *appealable* as an interlocutory order. *See In re Travers*, 202 B.R. 624, 625 (9th Cir. B.A.P.) ("An interlocutory order is one which does not finally determine a cause of action, but instead decides only an intervening matter.");

---

[2]With respect to the record from the Bankruptcy Court (Dkt. No. 1-1), the Court cites the page numbers in the top right-hand corner of the filing, *i.e.*, "Page 4 of 92."

Fed.R.Bankr.P. 8004(a)(2) (providing that, when appealing an interlocutory order, a party must file a motion for leave to appeal). The latter may be *objected* to as a recommendation. Fed.R.Bankr.P. 9033(b).

Here, in the instant so-called objection, BoA attempts to object to an interlocutory order: the order denying its motion to strike. *See* Dkt. No. 3 at 1-2. BoA attempts to do this by mischaracterizing the record. Specifically, BoA objects to the Bankruptcy Court's purported "recommendation to deny [BoA's] motion to strike jury demand." *Id*. As stated, however, the Bankruptcy Court did not recommend that the motion to strike be denied. The Bankruptcy Court denied the motion−without any recommendation. The only recommendation before this Court is the recommendation to withdraw the reference−something which BoA does not address in its objection, specifically or otherwise.[3]

This state of affairs places BoA's "objection" on a straightforward path of resolution. That "objection" can only be seen as an attempt to appeal the Bankruptcy Court's denial of BoA's motion to strike jury demand. As such, it is untimely because it was filed more than 14 days after the order denying the

---

[3]Instead, somewhat confusingly, BoA states in a footnote that, if this Court denies the motion to strike jury demand, BoA "intends to promptly file a motion to withdraw the reference." Dkt. No. 3 at 5 n.2. Because BoA appears to be unaware of the record in this proceeding, the Court notes that such a motion would be unnecessary, given that the Bankruptcy Court has already done the deed.

motion. *See* Fed.R.Bankr.P. 8002(a)(1); Fed.R.Bankr.P. 8004(a)(1). To the extent the "objection" is intended as an objection to the Bankruptcy Court's recommendation to withdraw the reference, because the objection raises no specific objection to the recommendation, it is OVERRULED and the recommendation is ADOPTED as set forth below.

The reference of Adversary Proceeding No. 20-90028 is withdrawn *solely* to schedule a jury trial before this Court. The parties may contact the assigned Magistrate Judge for that purpose. For all other purposes, the above-mentioned adversary proceeding shall remain referred to the Bankruptcy Court until ninety (90) days prior to the scheduled trial date, which shall include, without limitation, setting and adjusting deadlines for discovery, filing motions to join parties, amending the complaint, compelling discovery, dispositive motion practice, and settlement.

IT IS SO ORDERED.

Dated: June 23, 2021 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

*Richard A. Yanagi vs. Bank of America, N.A., et al*; Civil No. 21-00208 DKW-RT; **ORDER ADOPTING RECOMMENDATION TO WITHDRAW REFERENCE**

4